UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DWIGHT D. BURTON,

                              Plaintiff,

               v.                                                    9:21-CV-1097
                                                                    (GLS/ATB)

DAVID E. HARDER et al.,

                              Defendants.
_____

APPEARANCES:

DWIGHT D. BURTON
17-B-2863
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.**      **INTRODUCTION**

Plaintiff Dwight D. Burton commenced this action pro se by filing a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By Decision and Order filed November 29, 2021, the Court granted plaintiff's IFP Application and, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Dkt. No. 7 ("November 2021 Order").

Presently before the Court is plaintiff's amended complaint. Dkt. No. 13 ("Am. Compl.").

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

Because plaintiff is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the November 2021 Order and will not be restated in this Decision and Order. *See* November 2021 Order at 2-4.

### A.     The Original Complaint and November 2021 Order

In his original complaint, plaintiff asserted claims based on alleged wrongdoing that occurred while he was incarcerated at Broome County Correctional Facility. *See generally* Compl.

The complaint was construed to assert Eighth Amendment excessive force and/or failure-to-intervene claims against the named defendants. *See* November 2021 Order at 6.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's claims without prejudice as untimely. *See* November 2021 Order at 6-12. Plaintiff was afforded leave to amend, and advised that any amended pleading must include allegations explaining why his claims against the defendants are timely; *i.e.*, that either the "continuing violation doctrine" or "the equitable tolling doctrine" is applicable to such claims. *Id*. at 12-13.

### B.     Overview of the Amended Complaint

Plaintiff's amended complaint is materially similar to his original complaint, except that the amended complaint provides additional allegations in support of the previously dismissed

2

claims, as well as allegations regarding the timeliness of these claims. *See generally* Am. Compl.[1] With respect to the issue of timeliness, the following facts are set forth as alleged in the amended complaint.

On the morning of October 6, 2017, plaintiff was assaulted while in a holding cell waiting to be processed and transferred out to Elmira Correctional Facility. Am. Compl. at 5-7.

On October 17, 2017, plaintiff filed a grievance with defendant David E. Harder, the Broome County Sheriff, regarding the events of October 6, 2017. Am. Compl. at 9-10. On November 10, 2017, plaintiff sent a letter to defendant Harder wherein he "requested a status update" regarding his grievance. *Id*. at 9, 11. Plaintiff did not receive a response to either his grievance or his letter. *Id*. at 9. As a result, on November 24, 2017, plaintiff sent a letter to the New York State Commission of Correction, wherein he advised of his grievance, follow-up letter, and lack of a response from defendant Harder, and requested assistance. *Id*. at 9, 12.

According to plaintiff, he has "exhausted his administrative remedies with respect to all claims and all defendants." Am. Compl. at 9.

As a result of the use-of-force incident that occurred on October 6, 2017, plaintiff "suffered [a] serious physical injury" for which he "continues" to receive "treatment and care of a physician[.]" Am. Compl. at 6.

Leading up to plaintiff's commencement of this action, he did not have access to the law library "for over a year" due to the "corona virus pandemic", and had only limited access beginning in June 2021. Am. Compl. at 9, 13. As a result of not having access to the law

---

[1] Plaintiff attached exhibits to the amended complaint, which the Court has also considered as part of its sufficiency review herein.

library, plaintiff was unable to "perform proper research" or "obtain the proper documents" or "information and addresses necessary" for filing this action.  *Id*. at 13.

As with the original complaint, the Court construes the amended complaint to assert Eighth Amendment excessive force and/or failure-to-intervene claims against the named defendants.² The amended complaint also expressly asserts related state law assault and battery claims.  *See* Am. Compl. at 15.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.    Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).

As this Court noted in the November 2021 Order, the applicable statute of limitations for a Section 1983 action is three years, with the accrual date beginning from "the time 'when the plaintiff knows or has reason to know of the harm.'"  *See* November 2021 Order at 7

---

² The amended complaint also references the Due Process and Equal Protection Clauses.  *See* Am. Compl. at 15-16.  Although the Court does not construe the allegations in the amended complaint to plausibly assert due process or equal protection claims, such claims are subject to dismissal for the same reasons as plaintiff's Eighth Amendment claims, as discussed more fully below.

(quoting *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted)).³ Thus, a claim based on a use-of-force incident accrues "when the use of force occurred." *Fairley v. Collins*, No. 09-CV-6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011); *see Calvin v. Fischer*, No. 9:12-CV-1846 (GLS/DEP), 2015 WL 13744631, at *3 (N.D.N.Y. Dec. 2, 2015) ("Plaintiff's failure-to-protect cause of action asserted against defendants accrued in this case on January 12, 2009, the date on which plaintiff alleges he was assaulted by other prison inmates."), *report and recommendation adopted by* 2016 WL 830740 (N.D.N.Y. Mar. 3, 2016).

Because the alleged events that give rise to plaintiff's claims occurred on October 6, 2017, and plaintiff's complaint is dated October 3, 2021, this action is untimely unless some basis for tolling or disregarding the limitations period exists. As with the original complaint, the amended complaint lacks allegations from which this Court could plausibly infer that this action was timely commenced.

As an initial matter, plaintiff's allegations that he continued to receive treatment for the injuries that he suffered as of the date this action was commenced are not a basis for applying the "continuing violation doctrine." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (recognizing that "the continuing violation doctrine" does not apply to an excessive force claim where the plaintiff receives ongoing treatment for injuries suffered during the use-of-force incident); *McFadden v. Kralik*, No. 04-CV-8135, 2007 WL 924464, at *7 (S.D.N.Y. Mar. 28, 2007) ("[A] continuing violation may not be based on the continuing

---

³ Under New York law, a one-year limitations period applies to plaintiff's state law assault and battery claims. *See* N.Y. C.P.L.R. § 215(3); *see also Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (affirming dismissal of state law claims for assault and battery, among others, as barred by one-year limitations period). As with an Eighth Amendment excessive force claim, the accrual period for assault and battery claims begins when the use-of-force incident happens. *See, e.g., Moore v. Keller*, 498 F. Supp. 3d 335, 347 (N.D.N.Y. 2020).

effects of earlier unlawful conduct or on a completed unlawful act."); *see Konigsberg v. Lefevre*, 267 F. Supp. 2d 255, 262-63 (N.D.N.Y. 2003) ("A party cannot invoke the doctrine to avoid statute of limitations problems when he knew after each allegedly wrongful act that it was actionable, but chose not to file federal claims regarding them within the limitations period.").

Moreover, with respect to plaintiff's allegations that he pursued exhaustion of his administrative remedies after the use-of-force incident, the Court once again concludes, as it did in the November 2021 Order, that "plaintiff's grievance was fully exhausted, or he was excused from exhaustion on the grounds of unavailability, at the latest, forty-five days after he sent his letter to the New York State Commission of Correction." *See* November 2021 Order at 11-12 (citing 9 N.Y.C.R.R. § 7032.5(d)). Thus, affording plaintiff the benefit of equitable tolling during his exhaustion efforts, the statute of limitations began to run on his claims, at the latest, on January 8, 2018, which is forty-five days after plaintiff sent his letter to the New York State Commission of Correction. Since plaintiff commenced this action more than three years after this date, his claims are only timely if additional grounds exist for tolling the limitations period further.

Plaintiff appears to allege that further equitable tolling of the limitations period is warranted because he lacked access to the law library "for over a year" before he commenced this action as a result of facility-wide movement restrictions and staffing issues associated with COVID-19. *See* Am. Compl. at 9, 13. According to plaintiff, he did not regain access to the law library until June 2021, and, even then, his access was limited. *Id.*

As with the original complaint, the amended complaint lacks any allegations which plausibly suggest that during the time plaintiff did not have physical access to the law library,


he was also unable to request that legal materials to be delivered to him from the law library, just as an inmate would do if he were confined in a special housing unit. *See Shomo v. Furco*, No. 18-CV-8523, 2020 WL 4194941, at *6 (S.D.N.Y. July 20, 2020) ("Courts have found that solitary confinement, lock-downs, and restricted access to the law library do not qualify as 'extraordinary circumstances' warranting equitable tolling.") (cleaned up); *Prescod v. Brown*, No. 10-CV-2395, 2011 WL 182063, at *4 (S.D.N.Y. Jan. 20, 2011) (explaining that placement in keeplock or SHU does not provide basis for equitable tolling) (collecting cases), *report and recommendation adopted by* 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011).

In addition, the amended complaint is devoid of allegations which plausibly suggest that plaintiff needed access to the law library to commence this action. Plaintiff does not allege, for example, that presenting his claims required legal or factual research, let alone detail the nature of such research. Moreover, the amended complaint does not contain any novel legal theories, and the law is well-settled that insufficient legal assistance and lack of education do not constitute extraordinary circumstances warranting equitable tolling. *See, e.g., Wright v. Rensselaer Cnty. Jail*, No. 9:17-CV-0622, 2018 WL 10038804, at *4 (N.D.N.Y. Mar. 30, 2018) ("It is . . . well-settled that the routine experiences of prison life do not qualify as extraordinary circumstances ... Courts have found that solitary confinement, lock-downs, and restricted access to the law library do not . . . warrant[ ] equitable tolling." (internal quotation marks and citations omitted)); *Castro v. United Sec. Inc.*, No. 10-CV-6152, 2011 WL 4916402, at *3 (S.D.N.Y. Oct. 17, 2011) ("[C]ourts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." (citation omitted)); *Stokes v. Miller*, 216 F. Supp. 2d 169, 172-73 (S.D.N.Y. 2000).

Furthermore, insofar as plaintiff alleges that legal research was necessary to obtain the addresses of the defendants, such allegations are belied by the fact that plaintiff previously filed a complaint and sought relief against some of the same individuals named as defendants in this action based on the events detailed in the amended complaint. *See Burton v. Burke*, 9:17-CV-1345 (GLS/DJS) ("*Burton I*"), Dkt. No. 1. That action was deemed voluntarily dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure on January 19, 2018. *Id*., Dkt. No. 5. Following the Court's dismissal order, plaintiff filed a letter request to reopen his case. *Id*., Dkt. No. 6. On June 18, 2018, plaintiff's letter request was denied without prejudice to re-filing a new action, and he was provided with two copies of his complaint and the in forma pauperis materials necessary to commence a new action. *Id*., Dkt. No. 7.

Plaintiff's amended complaint does not allege that he did not have access to these documents. Nor does the amended complaint allege that plaintiff did not have access to a pen, paper, and postage, which is all that would have been necessary for him to request copies of these materials from this Clerk's Office during the alleged period when he did not have physical access to the law library.

In light of the foregoing, the alleged movement restrictions implemented at plaintiff's facility as a result of COVID-19 do not afford a basis for equitably tolling the applicable limitations period.

Finally, a few words bear mentioning regarding the potential tolling of the limitations period as a result of Executive Orders issued in 2020 by the then-Governor of New York. More specifically, on March 20, 2020, then-Governor Andrew Cuomo issued Executive Order 202.8, 9 N.Y.C.R.R. § 8.202.8, which declared a state of emergency due to the COVID-19

pandemic and "among other things, toll[ed] the time limits for filing legal actions as prescribed by the state's procedural laws[.]" *Bonilla v. City of New York*, No. 20-CV-1704, 2020 WL 6637214, at *1 (E.D.N.Y. Nov. 12, 2020).  The Governor then issued a series of nine Executive Orders extending this toll.[4]  On November 3, 2020, the Governor issued a final Executive Order which "reiterated that the 'toll' would no longer be in effect as of November 4, 2020[.]"  9 N.Y.C.R.R. § 8.202.72.

As noted, accepting as true plaintiff's allegation that he "exhausted his administrative remedies with respect to all claims and all defendants[,]" plaintiff's grievance was fully exhausted, or he was excused from exhaustion on the grounds of unavailability, at the latest, on January 8, 2018.  9 N.Y.C.R.R. § 7032.5(d).  Thus, as of March 20, 2020 – the day the Governor's tolling period began – two years and seventy-one days had passed since the statute of limitations in this case began to run.  Accordingly, plaintiff needed to commence this action no more than 294 days after November 3, 2020, when the Governor's tolling period ended.

Plaintiff commenced this action on October 3, 2021, which is 334 days after November 3, 2020.  In other words, even assuming, without deciding, that the applicable three-year statute of limitations period was tolled between March 20 and November 3, 2020, pursuant to the then-Governor's Executive Orders, this action was still untimely commenced by more than one month.

Based on the foregoing, plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may

---

[4]  9 N.Y.C.R.R. §§ 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.63, 8.202.67.

be granted.

### III.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate each of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

March 22, 2022
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge